UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE MANUEL PENA,<br><br>             Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>             Respondent. | Case No. 1:17-cv-01076-JDP (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1 |

Petitioner Jessie Manuel Pena, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He contends that the Federal Bureau of Prisons ("BOP") incorrectly calculated his sentencing credit. The parties have briefed the merits of the petition, and the case is ready for adjudication on the merits.[1]

The central question is how much sentencing credit the BOP must award for the time petitioner spent in state prison. In petitioner's criminal case, the District of New Mexico ordered his federal sentence to run concurrently with the state sentence that petitioner was already serving. Petitioner argues that his federal sentence commenced when he was arrested by state authorities in New Mexico, but a federal sentence cannot commence before its pronouncement. Petitioner's federal sentence began on the date of his sentencing, and the BOP has correctly

---

[1] The parties have consented to the jurisdiction of a magistrate judge. *See* ECF Nos. 7, 9.

1

calculated petitioner's sentencing credit. We will deny the petition.

**I.      Background**

We draw the following facts from the parties' submissions and from documents filed in petitioner's criminal case in the District of New Mexico. *See generally* ECF Nos. 1, 14; *United States v. Pena*, No. 2:14-cr-2444 (D.N.M. filed July 26, 2013). The parties agree on all pertinent facts.

On July 19, 2013, petitioner was arrested for violating his probation. On July 26, 2013, the Third Judicial District Court of the State of New Mexico sentenced him to a term of five years in prison followed by one year of parole. On the same day, the United States filed a criminal complaint against petitioner for possession of a weapon and a controlled substance.

On April 22, 2014, petitioner was writted from state custody to face his federal charges in the District of New Mexico. On September 22, 2015, the District of New Mexico sentenced him to a term of seventy-seven months in prison. The District of New Mexico ordered that two years of that seventy-seven months run concurrently with petitioner's state sentence, which he was serving at the time. On September 28, 2015, the federal authorities returned petitioner to state custody.

On November 17, 2015—about two years after his arrest and about two months after the sentencing in federal court—New Mexico state authorities released petitioner from his state custody and placed him on probation.[2] On the same day, the federal authorities assumed custody of petitioner. The BOP calculated petitioner's seventy-seven-month sentence to commence on the date of his federal sentencing, September 22, 2015. The BOP did not credit petitioner's federal sentence with the time he spent in state custody before that date.

**II.     Discussion**

A federal district court may grant habeas relief to a federal prisoner if his custody violates federal law. *See* 28 U.S.C. § 2241. While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition under Section 2255, a petitioner challenging

---

[2] The date of petitioner's release from state custody, November 17, 2015, was about two years after petitioner's arrest and sentencing in state court. .

2

the manner, location, or execution of that sentence must ordinarily rely on a petition under Section 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP, rather than the sentencing court, calculates a federal prisoner's entitlement to sentencing credit in the first instance. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP's calculation of sentencing credit is a sentence's execution that a habeas petitioner may challenge with a Section 2241 petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). A federal prisoner must file a Section 2254 petition in the district of his custodian, not the district that sentenced him. *See Hernandez*, 204 F.3d at 865.

Here, petitioner raises four habeas claims: (1) the BOP must designate petitioner's state prison as a federal facility to avoid piecemeal execution of petitioner's concurrent state and federal sentences; (2) petitioner's federal sentence began on the date of his arrest; (3) the BOP failed to award petitioner sentencing credit under the "Barden/Cafez doctrine"; and (4) the BOP failed to award thirteen months of sentencing credit. *See* ECF No. 1 at 3-8. We address each claim in turn.

**a. Designation of State Prison as Institution of Confinement**

Petitioner contends that the BOP must designate his state prison as the institution of confinement for his federal sentence. The BOP may require a prisoner to serve his sentence in any suitable institution of confinement "whether maintained by the Federal Government *or otherwise*." 18 U.S.C. § 3621(b) (emphasis added). Under that authority, the BOP may designate a state prison as a federal prisoner's institution of confinement for a federal sentence when the prisoner is already serving a state sentence—effectively making the prisoner's state and federal sentences concurrent. *See Setser v. United States*, 566 U.S. 231, 235 (2012). The BOP sometimes makes such designation while the prisoner is in state custody and sometimes *nunc pro tunc* (now for then—*i.e.*, retroactively) once the prisoner leaves state custody and enters federal custody. *See id.* at 235 n.1.

The BOP has already designated petitioner's state prison as the institution of confinement for his federal sentence. *See* ECF No. 14-1 at 3, 7. Petitioner agrees that the BOP has so

3

designated his state prison and that he has received at least some sentencing credit for his time in state prison. He disputes how much sentencing credit the BOP must award—an issue we address below. Because petitioner has already received the relief he seeks for his first habeas claim—the designation of petitioner's state prison as the institution of his confinement for his federal sentence—we deny the claim as moot. *See Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014) (reasoning that a habeas claim had been rendered moot by relief granted by the BOP).

### b. Beginning of Petitioner's Federal Sentence

The District of New Mexico sentenced petitioner to a total term of seventy-seven months in prison and stated that two years of that sentence would run concurrently with the sentence imposed by the Third Judicial District Court of the State of New Mexico. The judgment from the District of New Mexico states:

> A term of 77 months imprisonment is imposed as to each of Counts 1 and 2; and a term of 36 months imprisonment is imposed as to Count 3; said terms shall run concurrently and *2 years of this sentence shall run concurrently to the sentence imposed in the defendant's State Court case*.

ECF No. 14-1 at 42 (emphasis added). According to petitioner, this judgment made his federal sentence begin on the date of his arrest by the state authorities, July 19, 2013. *See* ECF No. 1 at 13. Petitioner is mistaken.

A prisoner's sentences "may be concurrent, i.e., may run together, without either starting together or ending together." *Ex parte Roberts*, 40 Cal. 2d 745, 749 (1953). "What is meant is that they run together during the time that the periods overlap." *Id*. A federal sentence cannot begin to run before its pronouncement. *See Schleining v. Thomas*, 642 F.3d 1242, 1247-50 (9th Cir. 2011). Thus, when a federal district court imposes a sentence concurrent to a state sentence already being served, the federal sentence is "entirely prospective." *Id*. at 1248 n.8; *see also* Arthur W. Campbell, Law of Sentencing § 9:27 (3d ed. 2018) ("For an offender already in custody and serving a prior term, a new concurrent term commences the day it is pronounced by the trial court . . . ."). The Ninth Circuit has joined other circuits in concluding that "a federal sentence cannot be 'backdated' so as to commence before the district court imposed the federal

4

sentence." *Schleining*, 642 F.3d at 1247.

Here, the District of New Mexico sentenced petitioner on September 22, 2015, ECF No. 14-2 at 4, andpetitioner's federal sentence could not begin before that date. The BOP calculated petitioner's sentence using September 22, 2015 as the beginning date of his federal sentence—counting the time he spent in state prison from September 22, 2015 to November 17, 2015, the date of his release to federal custody, ECF No. 14-1 at 6-7—so petitioner has received the maximum allowable sentencing credit for the time he served in state prison. Petitioner cannot receive any more sentencing credit.

Petitioner contends that the text of the judgment shows the sentencing court's intent to begin the federal sentence on the date of his arrest, July 19, 2013. The argument is meritless; we do not discern such intent in the text of the judgment quoted above. In addition, the court lacked the authority to have the sentence begin before the sentencing date, so even an explicit statement by the sentencing court calling for petitioner's sentence to begin on an earlier date would be "mere surplusage." *See Finney v. Winn*, No. 14-cv-2029, 2015 WL 1469984, at *4 (D. Ariz. Mar. 31, 2015) (quoting *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998)).

Petitioner states in passing—without developing an argument—that his federal custody and sentence began on the date of his arrest because the U.S. Marshals lodged a notice of detainer "immediately" after his arrest. ECF No. 1 at 7.[3] Again, petitioner's federal sentence could not begin before the date of his federal sentencing. *See Schleining*, 642 F.3d at 1247-50. In any event, a transfer of custody from state to federal authorities required a transfer of "physical custody" over petitioner and "complete surrender" of jurisdiction by the state authorities. *See Johnson v. Gill*, 883 F.3d 756, 764-65 (9th Cir. 2018). A federal detainer lodged by U.S. Marshals could not transfer physical custody or constitute complete surrender of jurisdiction: "Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in

---

[3] The word "immediately" here is somewhat misleading: the U.S. Marshals lodged a detainer notice with the state authorities in New Mexico on July 26, 2013, one week—not immediately—after the arrest. *See* ECF No. 14-1 at 37.

5

another jurisdiction for trial upon his release from prison." *United States v. Mauro*, 436 U.S. 340, 358 (1978). Because the federal detainer by U.S. Marshals in petitioner's case did not result in a transfer of physical custody or constitute complete surrender of jurisdiction by the state, it did not bring petitioner under federal custody.

### c. Sentencing Credit under *Barden* and *Kayfez*

Petitioner contends that the BOP failed to follow the "Barden/Cafez doctrine." ECF No. 1 at 7. We infer that petitioner is referring to two cases: (1) *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); and (2) *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). These cases do not bind this court, but we have considered whether the principles established in those cases are relevant here. We conclude that they are not.

In *Barden*, the Third Circuit held that (1) a federal prisoner is entitled to have the BOP consider a request for sentencing credit against a federal sentence for the time the prisoner has spent in state custody; and (2) the BOP had the authority to designate a state prison as the prisoner's institution of confinement for his federal sentence, even when a federal sentencing court had not ordered concurrency. *See Barden*, 921 F.2d at 478, 482. As discussed above, the BOP has already designated petitioner's state prison as the institution of confinement for his federal sentence, so *Barden* does not entitle petitioner to additional sentencing credit.

*Kayfez* presented an unusual situation in which the prisoner's state sentence had been vacated, resulting in the loss of all concurrent credit for the time that the prisoner had already served in state prison. *See* 993 F.2d at 1289. The Seventh Circuit held that, under these unusual circumstances, the prisoner was entitled to have the time he had served in state custody credited toward his federal sentence. *See Kayfez v. Gasele*, 993 F.2d 1288, 1289 (7th Cir. 1993). Here, petitioner is not in a similar predicament: his state sentence has not been vacated, and he has received the maximum amount of sentencing credit permitted under law for the time he spent in state custody.

### d. Failure to Award Thirteen Months of Sentencing Credit

Finally, petitioner states in passing that the BOP failed to award thirteen months of sentencing credit. *See* ECF No. 1 at 8. He lists this statement as a separate habeas claim, *id*., but

6

he fails to provide any analysis, develop an argument, or identify pertinent law in support of this claim. We will not construct an argument for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). We reject this claim, and no other claim remains.

In sum, we will deny the petition in its entirety. Because petitioner is in federal custody and seeks habeas relief under 28 U.S.C. § 2241, the court need not consider whether to issue a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

**III.  Order**

1. The petition for a writ of habeas corpus, ECF No. 1, is denied.
2. The clerk of court is directed to enter judgment in favor of respondent and close this case.

IT IS SO ORDERED.

Dated:  June 3, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202